UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In Re:*

**Rahul Dev Manchanda**

<u>**ORDER**</u>

No. 25-CV-04105

PHILIP M. HALPERN, United States District Judge:

Rahul Dev Manchanda ("Appellant"), on May 15, 2025, filed a notice of appeal from the Bankruptcy Court to this Court and the action was assigned to Judge Karas. (Doc. 1). Between May 21, 2025 and September 26, 2025, Appellant filed thirteen documents, consisting of six documents entitled "Notice of Impleader" purporting to "implead" various non-parties (Docs. 3—7, 9), a motion for contempt against non-parties, affirmation in support, and notice of same (Docs. 8, 11, 12), a letter purporting to respond to a letter from a non-party containing hostile and troublesome language (Doc. 13), two purported designations of the record on appeal which each include baseless allegations of judicial misconduct against the Bankruptcy Judge (Docs. 2, 10), and a consent to electronic service (Doc. 14). On October 10, 2025, the Bankruptcy Clerk noted on the record that no fee had been received for this appeal. (Oct. 10, 2025 Dkt. Entry).

On October 18 and 23, 2025, Appellant filed two additional motions for contempt against non-parties, including a Family Court Support Magistrate and Con Edison. (Docs. 17, 18).

On October 30, 2025, the Clerk of this Court noted on the record that a deficient fee received by the Finance Department and the check was returned pursuant to Standing Order. (Oct. 30, 2025 Dkt. Entry). Later that day, Appellant filed a letter claiming that he was lodging his fifth complaint against Judge Karas' clerks and accusing numerous court personnel of lying, "gross incompetence, misconduct, fraud, waste, abuse, and deception." (Doc. 19). This case was then reassigned to me.

Between November 18, 2025 and January 5, 2026, instead of curing the deficient filing fee, Appellant filed three more documents in support of a motion for contempt against a Judge, the Westchester Support Collection Unit, and Family Court Support Magistrate. (Docs. 20—22).

This action was dismissed on January 22, 2026 under 28 U.S.C. § 1930 for failure to pay a filing fee. (Doc. 23). Appellant then filed the instant motion to vacate the dismissal order pursuant to Federal Rule of Civil Procedure 60(b),[1] copies of which were entered on the docket on January 27, 2026 (Doc. 24, Doc. 25).

For the reasons set forth below, Plaintiff's motion is DENIED.

I.      Rule 60(b) Motion

"Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted). A party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, "must present 'highly convincing' evidence, 'show good cause for the failure to act sooner,' and show that 'no undue hardship [would] be imposed on other parties.'" *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020); *Brooks v. Doe Fund, Inc.*, No. 17-CV-03626, 2020 WL 5706451, at *3 (E.D.N.Y. Sept. 24, 2020) ("[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion.")). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court . . . ." *Watts-Devine v. United States*, 616 F. App'x 9, 10 (2d Cir. 2015).

---

[1] Appellant also moves under Federal Rules of Bankruptcy Procedure 8023 and 8024 to vacate on the same grounds as his Rule 60(b) motion. However, Rule 8023 concerns voluntary dismissal of bankruptcy appeals and Rule 8024 concerns entry of judgment upon disposition of an appeal.

Federal Rule of Bankruptcy Procedure 8003 provides that a notice of appeal must "be accompanied by the prescribed filing fee." Fed. R. Bankr. P. 8003(a)(3)(C). "[F]ailure to pay the requisite fee is itself a ground for dismissal." *In re Celsius Network LLC*, No. 24-CV-04057, 2025 WL 743834, at *1 (S.D.N.Y. Mar. 7, 2025) (collecting cases). As noted on the docket on October 10, 2025 and October 30, 2025, Appellant has failed to remit the filing fee for this appeal.

Appellant contends that he is entitled to relief under Rule 60(b)(1), (3), and/or (6) because the Bankruptcy Clerk's certification that Appellant failed to pay the filing fee is wrong, that he was never notified of any deficiency, and the documentary evidence annexed to his motion establishes there was administrative errors resulting in the false certification. (Docs. 24, 25).

Rule 60(b)(1) allows the Court to grant relief from a final order or judgment for "mistake, inadvertence, surprise, or excusable neglect." Appellant seems to argue that this Court made a mistake in relying on purportedly incorrect information from the Bankruptcy Clerk. He also invokes Rule 60(b)(3) which requires that he "show that (1) the adverse party engaged in fraud, misrepresentation or misconduct by clear and convincing evidence and that (2) such misconduct substantially interfered with [his] ability to fully and fairly present [his] case." *Deng v. New York State Off. of Mental Health*, No. 13-CV-06801, 2018 WL 11176016, at *2 (S.D.N.Y. July 18, 2018), *aff'd sub nom. Ren Yuan Deng v. New York State Off. of Mental Health*, 783 F. App'x 72 (2d Cir. 2019). Appellant argues that section (b)(3) applies to "'misrepresentation' by . . . court personnel." (Docs. 24, 25 at 3). Finally, Rule 60(b)(6), the catchall provision, permits the Court to grant relief for "any other reason that justifies" doing so. Fed. R. Civ. P. 60(b)(6).

A review of the documents annexed to Appellant's motion make clear that the Bankruptcy Clerk did not make an erroneous representation to the Court concerning the filing fee. The cashier's check dated October 14, 2025 (*i.e.*, four days after the Bankruptcy Clerk's notation on the record

3

that no fee had been received for this appeal (*see* Oct. 10, 2025 Dkt. Entry)), is made payable to the "Clerk of the Court – Southern District of New York" and is accompanied by a copy of the Fee Schedule pursuant to 28 U.S.C. § 1930, which specifically states that checks are to be "made payable to 'Clerk, USBC, SDNY'." (Docs. 24, 25 at 7, 9).[2] Because Appellant's payment did not comply, it was returned by the Finance Department pursuant to standing order, as noted on the docket. (*See* Oct. 30, 2025 Dkt. Entry). Although Appellant contends he was never notified of any deficiency, he duly filed a consent to receive electronic notifications in this case (Doc. 14), which was so-ordered by Judge Karas (Doc. 15), and notices of electronic filing (NEFs) of the deficiency notations on the record were transmitted to him contemporaneously with their entry on October 10 and October 30, 2025, to the e-mail address he provided the Court.

As Plaintiff offers no evidence—let alone "highly convincing" evidence—that would warrant vacatur under Rule 60(b), *Axar Master Fund, Ltd.*, 806 F. App'x at 40, the motion must be, and is, denied.

II.     Warning of Filing Injunction

The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a "history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel.'" *In re Martin–Trigona*, 737 F.2d 1254, 1262 (2d Cir.1984) (quoting *Matter of Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982)). The issuance of a filing injunction is appropriate when a plaintiff "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." *In re Hartford Textile*

---

[2] Appellant has prosecuted at least six other bankruptcy appeals in this District for which it appears he properly remitted a filing fee.

*Corp.*, 659 F.2d 299, 305 (2d Cir. 1981). Between Appellant's multiple filings unrelated to this appeal, his attempts to "implead" various non-parties, and his improper communications to the Court and Clerk's Office staff, Plaintiff is warned that pursuant to the Court's inherent authority and the All Writs Act, 28 U.S.C. § 1651, further improper conduct, including the filing of additional meritless or vexatious cases and/or sending harassing or threatening communications to the Court or any litigant, witness, or counsel in cases pending in this District, may result in an order barring him from filing without prior permission.

## CONCLUSION

For the foregoing reasons, Appellant's motion to vacate the dismissal order is DENIED.

The Clerk of the Court is respectfully directed to terminate all pending motions in this closed case (Docs. 11, 17, 18, 20, 24, 25).

**SO ORDERED:**

Dated:  White Plains, New York
January 28, 2026

_____
Philip M. Halpern
United States District Judge

5